UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____-Civ (Judge/Magistrate)

RWC Group, LLC, a Pennsylvania
limited liability company,

    Plaintiff,

v.

CAA Industries Ltd., an Israeli corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND ACCOUNTING

Plaintiff, RWC Group, LLC ("RWC"), sues Defendant, CAA Industries Ltd. ("CAA Industries"), for damages and an accounting and, as grounds for its complaint, alleges as follows:

### PARTIES

1. RWC is a Pennsylvania limited liability company, authorized to do business in Florida, with its principal place of business in Pompano Beach, Florida.

2. CAA Industries is an Israeli corporation that does business in the United States of America, with its principal place of business in Kiryat Gat, Israel.

### JURISDICTION AND VENUE

3. Jurisdiction in this matter is proper because this complaint involves claims by a citizen of the United States against a citizen of a foreign state, and the amount at issue is in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

4. The Court has jurisdiction over CAA Industries pursuant to the applicable Long-Arm Statute because CAA Industries caused injury to RWC in this state based on acts or omissions outside the state, at the time CAA Industries was engaged in solicitation within the

state, and products manufactured by CAA Industries were being sold or used in this state. CAA Industries solicits for sale and sells various weapons-related gear in this state. In addition, CAA Industries is subject to jurisdiction under the applicable Long-Arm Statute because it breached a contract by failing to perform acts required to be performed in this state. Under the terms of the contract at issue, CAA Industries was required to make payments, and failed to make payments, to RWC in this state. Finally, CAA Industries is subject to the applicable Long-Arm Jurisdiction because it is engaged in substantial and not isolated activity in this state, namely the sale of various weapons-related gear in this state. § 48.193, Fla. Stat.

5. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

6. RWC is in the business of manufacturing and selling firearms.

7. In 2015, RWC sold three (3) containers of hunting and sporting rifles and shotguns manufactured by a different company, Concern Kalashnikov (Izhmash), to CAA Industries, pursuant to the Terms of Consignment Sale ("Consignment Agreement"), dated October 13, 2014. The total price of the guns provided to CAA Industries was $2,367,779.68.

8. The Consignment Agreement specifies that "RWC will be paid as the goods are sold." Payment was required to be made to RWC at its headquarters in Pompano Beach, Florida. As of this date, RWC has received no payments for any sales since approximately August 2016, when CAA Industries made a partial payment. The partial payment was for $236,685 for 1,464 "IZ 132" guns, although the amount due at that time based on sales was $396,685, leaving an amount due on the partial payment amount of $160,000. The total amount remaining due is $2,131,094.68.

9. On information and belief, CAA Industries has sold hundreds of additional guns without payment to RWC.

10. RWC made demand for payment pursuant to Section 772.11, Fla. Stat., and for an accounting. CAA Industries did not make payment of the treble damage amount on a timely basis and, indeed, has not responded to the demand.

11. Any conditions precedent to the filing of this lawsuit have occurred or been performed.

## COUNT 1—BREACH OF CONTRACT

12. RWC incorporates paragraphs 1 through 11.

13. RWC and CAA Industries entered into a contract, the Consignment Agreement.

14. CAA Industries breached the Consignment Agreement by failing and refusing to pay for guns sold.

15. As a proximate result of the failure to pay, RWC has been damaged.

WHEREFORE, RWC seeks judgment against CAA Industries for actual damages, pre- and post-judgment interest, costs of this lawsuit, and such other and further relief as this Court deems just and reasonable.

## COUNT II—CONVERSION

16. RWC incorporates paragraphs 1 through 11.

17. RWC has taken possession of the guns consigned by RWC to CAA Industries, sold guns without paying RWC, and otherwise asserted control of the guns consigned by RWC to CAA Industries. RWC has also refused to account for the sales of the guns or for the remaining inventory of guns that remain unsold.

18. CAA Industries' action of taking, retaining, and selling the guns consigned by RWC to CAA Industries has permanently or for an indefinite period of time deprived RWC of its property.

19. CAA Industries' action of taking, retaining, and selling the guns consigned by RWC is inconsistent with RWC's ownership of that property.

20. As a proximate result of CAA's actions, RWC has been damaged.

21. WHEREFORE, RWC seeks judgment against CAA for actual damages, pre- and post-judgment interest, costs of this lawsuit, and such other and further relief as this Court deems just and reasonable.

## COUNT III—CIVIL THEFT PURSUANT TO § 772.11, FLA. STAT.

22. RWC incorporates paragraphs 1 through 11.

23. CAA Industries is guilty of theft in violation of Section 812.014(1)(a), Fla. Stat., as it has knowingly obtained or used, or endeavored to obtain or use, property of RWC with intent to, either temporarily or permanently, deprive RWC of a right to the property or a benefit from the property.

24. Alternatively, CAA Industries is guilty of theft in violation of Section 812.014(1)(b), Fla. Stat., as it has knowingly obtained or used, or endeavored to obtain or use, the property of RWC with intent to, either temporarily or permanently, appropriate the property to its own use or the use of a person not entitled to the use of the property.

25. CAA Industries has misappropriated RWC's property for its own use, which use it is not entitled to receive. By CAA Industries' actions, RWC was deprived of the right and benefit to its property.

26. In particular, RWC has been deprived of the right and benefit to ownership of guns consigned to CAA Industries, which CAA Industries in turn exerted ownership over by selling or encumbering those guns, without payment or even accounting to RWC.

27. CAA Industries has taken these actions with the criminal intent to deprive RWC of its property, and its actions are in direct violation of Section 812.014, Fla. Stat.

28. RWC sent CAA Industries the Civil Theft Demand Letter in compliance with Florida Statutes, Section 772.11. CAA Industries did not respond to the Civil Theft Demand Letter, nor return the treble damage amount to RWC within thirty (30) days.

WHEREFORE, RWC seeks actual and treble damages, pre- and post-judgment interest, recovery of its attorneys' fees against CAA Industries pursuant to Section 772.11, Fla. Stat., costs of this lawsuit, and such other and further relief as this Court deems just and reasonable.

## COUNT IV—ACCOUNTING

29. RWC incorporates paragraphs 1 through 11.

30. By agreeing to sell the guns on consignment for RWC, CAA Industries undertook a fiduciary obligation to RWC, as a matter of law.

31. CAA Industries' fiduciary duties include the duty to provide an accounting of the property consigned.

32. Despite demand, CAA Industries has failed and refused to provide an accounting to RWC of the guns that have been sold or encumbered and those that remain in CAA Industries' possession.

WHEREFORE, RWC seeks a judgment requiring a complete accounting by CAA Industries of all of RWC's guns that have been sold, disposed of, or encumbered, and those that

remain in RWC's possession, costs of this lawsuit, and such other and further relief as this Court deems just and reasonable.

Dated: May 21, 2019.

                              Respectfully submitted,

                              **GUNSTER**
                              *Counsel for Plaintiff*
                              600 Brickell Avenue, Suite 3500
                              Miami, FL  33131
                              Tel:  (305) 376-6092
                              Fax:  (305) 376-6010

By:   */s/ William K. Hill*
        William K. Hill
        Florida Bar No. 747180
        whill@gunster.com
        Joshua A. Levine
        Florida Bar No. 106072
        jlevine@gunster.com

MIA_ACTIVE 4919320.4